℀JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

FRANK INCAVIGLIA AND KATHLEEN INCAVIGLIA

**(b)**  County of Residence of First Listed Plaintiff   County of Clark
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
David Krieger, Esq., HAINES & KRIEGER, LLC, 8985 S. Eastern Ave., Suite 350, Henderson, NV 89123, 702-880-5554, dkrieger@hainesandkrieger.com

## DEFENDANTS

ADVANCE GROUP, INC. D/B/A RAPID CASH et al

County of Residence of First Listed Defendant
(EXCEPT IN U.S. PLAINTIFF CASES)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND
INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
     (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                       and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**)
15 U.S.C. §1693 et seq. ("EFTA") and NRS 604A
Brief description of cause:
Violations of the Electronic Funds Transfer act and  high-interest lending

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P.23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):       JUDGE _____       DOCKET NUMBER _____

DATE                                                          SIGNATURE OF ATTORNEY OF RECORD
April 13, 2018                      /s/ David Krieger, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDG _____

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiffs
*FRANK INCAVIGLIA AND KATHLEEN INCAVIGLIA*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK INCAVIGLIA and KATHLEEN INCAVIGLIA, | : : : Civil Action No.: _____ |
| Plaintiffs, | : : |
| v. | : : |
| FMMR INVESTMENTS D/B/A RAPID CASH; and WELLS FARGO BANK, N.A., | : **COMPLAINT** : : |
| Defendants. | : : |

For this Complaint, the Plaintiffs, FRANK INCAVIGLIA AND

KATHLEEN INCAVIGLIA, by undersigned counsel, states as follows:

## **JURISDICTION**

1.      Congress has also found that the use of electronic systems to transfer

funds provides the potential for substantial benefit to consumers. Due to the unique

characteristics of such systems, Congress passed the Electronic Funds Transfer Act

to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights.  Along these lines this matter arises out of the Electronic Fund Transfers Act, 15 U.S.C. §1693 et seq. ("EFTA") against the Defendants as further described herein.

2.      This action also arises out of ADVANCE GROUP, INC. D/B/A RAPID CASH ("Rapid Cash")'s violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiffs by Rapid Cash and its agents in Rapid Cash's illegal efforts to collect a high-interest loan as defined under this Chapter.

3.      Plaintiffs allege the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiffs' attorneys.

4.      Rapid Cash has through its conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

5.      Defendant ADVANCE GROUP, INC. D/B/A RAPID CASH is a "licensee" as that term is defined by NRS 604A.

6.      NRS 604A.415 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if

the licensee is not otherwise subject to the provisions of the [FDCPA]."

7.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this

Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C.

§ 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) &

(c), because Plaintiffs reside within the District of Nevada, a substantial portion of

the events or omissions giving rise to the claim occurred in this District, and

Defendants regularly conducts business in this District.

## PARTIES

9.      The Plaintiffs, FRANK INCAVIGLIA and KATHLEEN

INCAVIGLIA ("Plaintiffs" or "Mr. and Mrs. Incaviglia"), are adults residing in

Las Vegas, Nevada.

10.     Defendant Rapid Cash is doing business in the State of Nevada.

11.     Rapid Cash at all times acted by and through one or more of its agents

or collectors (the "Collectors").

12.     Defendant WELLS FARGO BANK, N.A.  ("Defendant" or "Wells

Fargo"), is doing business in the State of Nevada at all relevant times herein.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

13.     Plaintiffs allegedly incurred a financial obligation (the "Debt") to

Rapid Cash (the "Creditor").

14.   The Debt was a "high-interest loan" as defined by NRS 604A.0703.

15.   NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect
> the debt owed to the licensee only in a professional, fair
> and lawful manner. When collecting such a debt, the
> licensee must act in accordance with and must not violate
> sections 803 to 812, inclusive, of the federal Fair Debt
> Collection Practices Act, as amended, 15 U.S.C. §§
> 1692a to 1692j, inclusive, even if the licensee is not
> otherwise subject to the provisions of that Act.

16.   As such, a violation of the Fair Debt Collection Practices Act
(FDCPA) a though j is also a violation of NRS 604A.415.

## FACTS

17.   In October 2017, the Plaintiffs decided to talk with an attorney to help
manage their various financial obligations which had become overwhelming to
them.

18.   They decided that the best way to repay their creditors was through a
Chapter 13 bankruptcy (in which their creditors would be paid through a structured
plan).  To that end, Plaintiffs hired a Chapter 13 bankruptcy attorney.

19.   After hiring a law firm, the Plaintiffs contacted Defendant, Wells
Fargo, on October 24, 2017 at 9:29 AM at 1-800-869-3556 and spoke with a Wells
Fargo representative named "Armando".

20.   They advised Wells Fargo's account representative, Armando, that

they wanted to de-authorize and disallow any further drafts on their account from Rapid Cash.

21.    Armando advised the Plaintiffs their account would be "blocked" from any further drafts attempted by Rapid Cash and assured the Plaintiffs no funds would be taken from their account based on any prior authorizations provided to Rapid Cash or Wells Fargo. This was confirmed with a reference No. E0818541300.

22.    Immediately after completing their conversation with Wells Fargo, the Plaintiffs contacted Rapid at each of the following numbers: 702-222-2274, 702-436-1074, 1-800-856-2911 (the "C&D Calls").

23.    During each of the C&D Calls the Plaintiffs advised Rapid Cash they were de-authorizing any electronic withdrawals from their Wells Fargo bank account and that their consent to Rapid Cash to debit funds was withdrawn.

24.    They advised Rapid Cash's representatives that they were also represented by an attorney and to direct future communications to their attorney and provided (or attempted to provide) Rapid Cash's agents with their attorney's contact information.

25.    However, in complete disregard of the above, Rapid Cash continued drafting funds from the Plaintiffs' Wells Fargo bank account despite having no consent to do so.

26.     Wells Fargo was also to blame because Wells Fargo continued allowing Rapid Cash to electronically withdraw funds even after it was instructed (and agreed) to prevent such attempts from Rapid Cash as of October 24, 2017 9:29AM.

27.     The above electronic withdrawals made by Rapid Cash -  and permitted by Wells Fargo - were made via electronic withdraws from Plaintiffs' personal Wells Fargo bank "account" as defined by 15 U.S.C. §1693a(2) and 12 C.F.R. 1005.2(b)(1).

28.     The withdrawals discussed herein were electronic funds transfers as defined by 15 U.S.C. §1693a(7).

29.     The above withdrawals made by Rapid Cash and allowed by Wells Fargo were each unauthorized electronic funds transfers as defined by 15 U.S.C. §1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. §1693, et seq. since the Plaintiffs' did not authorize Wells Fargo or Rapid Cash to make or allow any withdrawals from the Wells Fargo account as of October 24, 2017.

30.     However, Rapid Cash and Wells Fargo, after October 24, 2017 9:29AM wrongfully and illegally permitted Rapid Cash to withdraw at least $439.77 from the Plaintiffs Wells Fargo bank account.

31.     By withdrawing the aforementioned funds, Defendant deprived and/or prevented access to Plaintiff's funds to pay bills and other necessities.  Even after

several weeks, the ill-gotten funds remained unreturned to the Plaintiffs.

32.     Additionally, the Rapid Cash loan then went into default and Rapid Cash collection agents commenced collection against the Plaintiffs.

33.     Specifically, Rapid Cash placed numerous collection calls to the Plaintiffs after October 24, 2017 even though Rapid Cash was aware that the Plaintiffs were represented by Counsel and should have directed its collection calls to their Counsel.

34.     This suit results.

**B. <u>Plaintiff Suffered Actual Damages</u>**

35.     The Plaintiffs suffered and continue to suffer actual damages as a result of RAPID CASH's and Wells Fargo's unlawful conduct.

36.     Further, Plaintiffs allege that Defendants' actions at all times herein were "willful."

37.     As a direct consequence of Rapid Cash's harassing phone calls, acts, practices and conduct, the Plaintiffs each suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and have otherwise been totally annoyed by Rapid Cash's intrusive and illegal collection efforts and improper theft of their funds.

38.     Plaintiffs also lost funds which Rapid Cash was not authorized to take and which Wells Fargo was not authorized to transfer to Rapid Cash.

39.     Plaintiffs contemplated filing bankruptcy as a result of Defendant's illegal conduct to stop harassing calls in the future.  Indeed they have done so.

## COUNT I

### Violations of the FDCPA as to RAPID CASH
### (as incorporated through NRS 604A.415)

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

42.     Rapid Cash's conduct violated 15 U.S.C. § 1692c(a)(2) in that Rapid Cash contacted the Plaintiffs after it knew Plaintiffs were represented by an attorney.

43.     Rapid Cash's conduct violated 15 U.S.C. § 1692e(5) in that Rapid Cash threatened to take action against the Plaintiffs which it could not legally take or did not intend to take in collection of a debt.  Namely, by continuing to illegally draft funds from their Wells Fargo account even after consent to do so was revoked.

44.     Rapid Cash's conduct violated 15 U.S.C. § 1692f in that Rapid Cash used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiffs.  Specifically, by disregarding Plaintiffs' de-authorization to electronically transfer funds from their Wells Fargo account, and continuing

remove monies in violation of the EFTA.

45.     The foregoing acts and omissions of the Rapid Cash constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

46.     The Plaintiffs are entitled to damages as a result of Rapid Cash's violations.

47.     The Plaintiffs have been required to retain the undersigned as counsel to protect the Plaintiffs' legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

### Violations of the EFTA as to ALL DEFENDANTS
### (15 U.S.C. § 1693 ET SEQ.)

48.     Plaintiffs restate and incorporate herein all of their statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

49.     The foregoing acts and omissions constitute violations of the EFTA by Wells Fargo and Rapid Cash.

50.     As a result of each and every negligent violation of the EFTA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1693m(a)(1); statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. §1693m(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants awarding the Plaintiffs:

1. consequential damages pursuant to NRS 604A.930 against Rapid Cash for each Plaintiff;

2. statutory damages pursuant to NRS 604A.930 against Rapid Cash for each Plaintiff;

3. an award of actual damages pursuant to NRS 604A.930 against Rapid Cash for each Plaintiff;

4. an award of punitive damages pursuant to NRS 604A.930 (or as may be otherwise recoverable) against Rapid Cash for Plaintiffs;

5. an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against Rapid Cash for Plaintiffs;

6. "void" the Rapid Cash Debt, bar Rapid Cash from collecting thereon, and compel Rapid Cash to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. An award of actual damages pursuant to 15 U.S.C. §1693m(a)(1) against each Defendant;

8. An award of statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. §1693m(a)(2)(A) against each Defendant;

9. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1693m(a)(3);

10. General and special damages in an amount to proven; and

11. Any other legal or equitable relief that the court deems appropriate.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 13, 2018

Respectfully submitted,

By      /s/David Krieger, Esq.
        David Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 350
        Henderson, Nevada 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email:dkrieger@hainesandkrieger.com
        Attorney for Plaintiffs
        *FRANK INCAVIGLIA AND KATHLEEN*
        *INCAVIGLIA*

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email:

Attorney for Plaintiff
*FRANK INCAVIGLIA AND KATHLEEN INCAVIGLIA*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FRANK INCAVIGLIA AND KATHLEEN INCAVIGLIA, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| FMMR INVESTMENTS D/B/A RAPID CASH; WELLS FARGO BANK, N.A., | : |
| Defendant. | : |

## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER ENTITIES WITH A DIRECT FINANCIAL INTEREST IN LITIGATION

Pursuant to Fed.R.Civ.P. 7.1 and Local Civil Rule 7.3, or Fed.R.Crim.P. 12.4 and Local Criminal Rule 12.3, FRANK INCAVIGLIA AND KATHLEEN INCAVIGLIA who is Plaintiff, makes the following disclosure:

1.  The party is not a publicly held corporation or other publicly held entity.

2. The party does not have a parent corporation.

3. There is no 10% or more of the stock of a party owned by a publicly held corporation or other publicly held entity.

4. There is no any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation.

5. The party is not a trade association.

6. The case does not arise out of a bankruptcy proceeding, but the Plaintiff are in an active Chapter 13 filed in Nevada bearing Doc. No. 17-16352-LED.

Dated: April 13, 2018

Respectfully submitted,

By      /s/David Krieger, Esq.
        David Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 350
        Henderson, Nevada 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email:dkrieger@hainesandkrieger.com